UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Jerome Lytle, | ) | C/A No. 5:16-cv-01784-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Charles Samuels; | ) | |
| Christopher Zych; | ) | |
| Curtis Mabe, and | ) | |
| Dale Rupert, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The sole issue in this Report and Recommendation is whether Plaintiff should be required to pay the filing fee, or whether his financial condition justifies the waiver of the payment. Plaintiff has commenced this action pursuant to the *Bivens* Doctrine, seeking damages and other relief against federal employees and officials.[1] All pretrial proceedings in this matter have been referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). The United States Court of Appeals for the Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed *in forma pauperis* is in the district court. *Gent v. Radford Univ.*, 187 F.3d 629 at *1 (4th

---

[1]*See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

Cir. 1999). The Court of Appeals, however, did not specify the standard of review. *Id*. For the reasons that follow, the undersigned recommends denying Plaintiff's request for indigent status.

Plaintiff submitted a Motion for Leave to Proceed *in forma pauperis* by filing a *c*ompleted Form AO 240 and a Financial Certificate. ECF No. 2. On the Form AO 240, Plaintiff acknowledged receiving "approximately $3,000 from family and friends in the past 12 months." He lists expenses of "$100-$500 monthly" for elderly parents and a child. *Id*. at 1-2. On his Financial Certificate, Plaintiff shows average monthly deposits of $2220.00 and an account balance of $16,212.45. ECF No. 2-1.

A litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). One district court, however, has commented that it is sometimes difficult to decide § 1915 applications: "[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976); *see Collier v. Colvin*, No. 2:13-3323-DCN-BHH, 2014 WL 468946, at *2 (D.S.C. Feb. 5, 2014).

In *Carter v. Telectron, Inc.*, the district court, citing *Adkins v. Du Pont* and other cases, set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a):

> (1) Is the litigant barred from the federal courts by the reason of his or her "impecunity?"
>
> (2) Is his or her "access to the courts blocked by the imposition of an undue hardship?"

(3) Is the litigant forced to contribute his or her "last dollar," or render himself or herself "destitute" to prosecute his or her claim?

*Carter,* 452 F. Supp. at 943; *see also Abbot v. Comm'r of Soc. Sec.,* No. 4:10-2253-JFA-TER, 2010 WL 4226151, at \*1 (D.S.C. Sept. 17, 2010); *Schoenfeld v. Donaghue*, No. 4:07-617-RBH, 2007 WL 1302659, at \*3 (D.S.C. May 2, 2007).

Upon review of the information in the Form AO 240 and the Financial Certificate, it does not appear that Plaintiff would be rendered destitute by paying the fee of $400 (the $350 filing fee plus a $50 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block his access to the courts. Hence, it is recommended that the district court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2.

If this recommendation is accepted by the district court, it is also recommended that Plaintiff be given 31 days to pay the $400 fee (filing fee plus administrative fee). *See Collier v. Colvin*, 2014 WL 468946, at \*1. If Plaintiff does not pay the fee, then this case should be dismissed. However, if Plaintiff does pay the fee, it should be returned to the undersigned for further initial review.

IT IS SO RECOMMENDED.

July 5, 2016                                                    Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).