IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Curtis Jerome Lytle, | ) |
| | ) |
| | )  Civil Action No. 5:16-1784-TMC |
| Plaintiff, | ) |
| | ) |
| vs. | )  **ORDER** |
| | ) |
| Charles Samuel; Christopher | ) |
| Zych; Curtis Mabe; and Dale Rupert, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Curtis Jerome Lytle, proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1, Compl.). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied. (ECF No. 8). Plaintiff was advised of his right to file objections to the Report. (ECF No. 8 at 4). Plaintiff has not filed any objections and, the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Federal courts "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," if the litigant submits an affidavit that includes a statement of all his assets and shows that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "Determination of what constitutes 'unable to pay' or unable to 'give security therefor,' and therefore, whether to allow a plaintiff to proceed is left to the discretion of the presiding judge, based on the information submitted by the plaintiff." *Farnsworth v. United States*, 106 Fed. Cl. 513, 516 (2012). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life."between abandoning a potentially meritorious claim or foregoing the necessities of life."  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Prophet v. United States*, 106 Fed. Cl. 456, 460-61 (2012) (quotation omitted).

The magistrate judge noted that in his motion Plaintiff acknowledged receiving approximately $3,000 from family and friends over the past 12 months and his monthly expenses were $100-500. (Report at 2). The magistrate judge then referred to the Financial Certificate and stated that Plaintiff had average monthly deposits of $2220.00 and an account balance of $16,212.45. (Report at 2). Based on these figures, the magistrate judge recommended that Plaintiff's motion be denied. (Report at 3).

In his objections, Plaintiff states that the $2200 deposits were for a six-month period and not monthly deposits and were from family and friends and such deposits were not guaranteed or

2

expected to continue. (Objections at 1). He argues that the Financial Certificate attached to his motion indicates he has received $2220.84 during the past six months and has withdrawn $1,834.75 during the past six months. He contends that he earns $17.64 per month from his prison job and thus has a negative cash flow of $288.15 per month. *Id.* He also states that he is financially responsible for his mother and she was forced to move recently. (Objections at 2).

Plaintiff attached a Financial Certificate to his motion dated April 28, 2016, which shows that Plaintiff has received $2,220 during the past six months, and has a current balance of $16,212.45 in his inmate account. (ECF No. 2-1). It appears the Magistrate Judge erred in finding that the Financial Certificate shows average *monthly* deposits of $2200. As Plaintiff states in his objections, this figure represents deposits from the past six months. However, as the magistrate judge correctly noted, the Financial Certificate shows Plaintiff has an account balance of $16,212.45. (ECF No. 2-1). Plaintiff did not address this asset in his objections. With an inmate account balance of $16,212.45, the court finds Plaintiff has more than sufficient funds to pay the filing fee, and that paying the filing fee will not cause undue hardship rendering Plaintiff destitute.[1]

Therefore, after a thorough review of the record in this action, the court adopts the Magistrate Judge's Report (ECF No. 8) and incorporates it herein. It is therefore **ORDERED** that Plaintiff's motion to proceed in forma pauperis is **DENIED**.

---

[1] The court notes that Plaintiff has filed an identical action in this court, C/A No. 5:16-cv-2277, and he also filed a motion to proceed in forma pauperis in that action. (C/A No. 5:16-cv-2277 ECF No. 2). The Magistrate Judge filed a Report in that action recommending the denial of Plaintiff's motion, but Plaintiff did not file any objections to that Report. Rather than pay the filing fee in both cases, Plaintiff may wish to proceed with only one of these identical actions.

Plaintiff shall have thirty-one (31) days to pay the $400 fee (filing fee plus administrative fee), or this case will be dismissed.  If Plaintiff pays the fee, this action should be recommitted to the Magistrate Judge for further initial review.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

September 12, 2016
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4